UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD GUDGEL,<br><br>Plaintiff,<br><br>v.<br><br>D.M YARNELL; CLAYTON A. HILL, KARL F. SLOAN, HENRY A. RAWSON, and OKANOGAN COUNTY,<br><br>Defendants. | NO. CV-12-517-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; ADDRESSING REMAINING MOTIONS** |

Before the Court are Defendants' Motion for Summary Judgment, ECF No. 21; Defendants' Motion for Sanctions, ECF No. 26; Plaintiff's Motion to Dismiss Defendants' Motion for Sanctions, ECF NO. 29; Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment, ECF No. 30; Plaintiff's Motion for Sanctions, ECF No. 32; Defendants' Motion to Strike Statement of Verified Fact, ECF No. 37; and Plaintiff's Motion for Order to Show Cause, ECF No. 39. A telephonic hearing was held on May 2, 2013. Plaintiff participated *pro se*; Defendants were represented by Scott Flage.

**1. Defendants' Motion for Summary Judgment**

**A. Motion Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no

genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). The non-moving party must present more than a scintilla of evidence in their favor to survive summary judgement. *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Pro se pleadings should be construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)("A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). This is particularly important in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992). However, "conclusory allegations of official participation in civil rights violations are not

sufficient to withstand [summary judgment]." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Background Facts**

Under the summary judgment standard articulated above, the Court is required to review the facts in the light most favorable to Plaintiff, the non-moving party. Defendant filed a Statement of Undisputed Material Facts, and provided affidavits from Defendant Yarnell and Defendant Clayton Hill. In response, Plaintiff filed a Motion to Dismiss Defendants' Motion for Summary Judgment. He did not file any declarations, affidavits, or exhibits. In his motion, Plaintiff made legal arguments, but did not identify or provide any facts to controvert the facts presented by Defendants. As such, the following facts are presented in the light most favorable to Plaintiff, however, the basis for the facts comes from the documents supplied by Defendant.

This case arises out of an encounter that occurred on April 16, 2011 at a property located in Tonasket, Washington. Dan Bowlin, a subcontractor for New Leaf PPS, was hired to re-key locks, blow out plumbing, and perform yard maintenance on the property. Around 9:30 a.m. Bowlin and his assistant arrived at 491 Hwy 7, Tonasket, Washington, to complete a work order that appeared to be ordered by the owner of the property.

At about 11:30 a.m., Plaintiff Gerald Gudgel arrived at the property. He claimed he owned the property. Bowlin showed Plaintiff his identification and the work order. Plaintiff ordered Bowlin and his assistant off the property, threatening them with a hammer and threatening to slash their tires. Plaintiff refused to permit Bowlin to take his generator and air compressor.

Bowlin contacted the Okanogan County Sheriff department. Defendant Deputy Sheriff Yarnell met with Bowlin and obtained a recorded statement and a copy of the work order. Defendant Yarnell then went to 491 Hwy 7 and encountered three persons, one of whom was Plaintiff. Plaintiff approached

Yarnell and wanted to file a report of a burglary, but he refused to provide identification. Plaintiff left and returned with information of a quit claim deed showing that Plaintiff had obtained the property from a Sammy Reese in February, 2011. Plaintiff told Defendant Yarnell that U.S. Bank had fraudulently foreclosed on the property. Plaintiff would not explain why he refused to permit Bowlin to recover his generator and air compressor. Deputy Yarnell explained to Plaintiff that charges of Theft in the Third Degree would be sought if he did not release the generator and air compressor. Plaintiff refused to give Deputy Yarnell access to the building to confirm if the generator and compressor were there.

Defendant Okanogan County Deputy Prosecuting Attorney, Clayton A. Hill reviewed the police reports and charged Plaintiff with Theft in the Third Degree. Plaintiff was served with a summons. At the arraignment in Okanogan County District Court, Defendant Judge Henry Rawson asked if Plaintiff was present. A person stood up and stated that he was present to represent Plaintiff, but refused to identify himself. The person was disruptive, was found to be in contempt, and was held for 24 hours for contempt. During the booking process, the officers searched Plaintiff's wallet and were able to identify him. Plaintiff returned to Judge Rawson's courtroom the next day, and was arraigned. He chose to represent himself, and the Court entered a Not Guilty plea. Plaintiff was released after he served the 24 hour contempt hold.

The charge of Theft in the Third Degree was dropped in exchange for Plaintiff paying restitution for wrongfully possessing and controlling another person's property.

**C. Analysis**

In order for Plaintiff to succeed in his § 1983 action, Plaintiff must show that Defendants, acting under color of state law, violated his federal constitutional or statutory rights. 42 U.S.C. § 1983. In this case, Plaintiff has not presented any evidence for a reasonable jury to conclude that Defendants violated Plaintiff's

constitutional rights. Moreover, because Plaintiff has not presented any evidence creating a triable issue of fact that Defendants violated his constitutional rights, his claim for municipal liability under *Monell* also fails. *See Aguilera v. Baca*, 510 F.3d 1161, 1174 (9th Cir. 2007). In addition, a municipality may not be held liable under 1983 under a respondeat superior theory. *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002). Also, Plaintiff has not presented any evidence for a reasonable jury to conclude that the County failed to train its employees and such failure amounted to deliberate indifference, or that the County instructed its employees to violate Plaintiff's constitutional rights, or ratified such behavior, or that any policy, pattern or practice of the County violated Plaintiff's constitutional rights, and such conduct amounted to deliberate indifference. Finally, Plaintiff's claims under §§ 1985 and 1986 fail because Plaintiff has not established that he is a member of a protected class. *See Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 908 (9th Cir. 1993); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

There are additional reasons why Defendants' Motion for Summary Judgment should be granted.

First, at all times relevant to this action, Defendant Henry Rawson was serving as an Okanogan County judge. The allegations against him stem from his actions taken in his official capacity as judge. As such, he is entitled to absolute immunity. *See Sodoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2009) (holding that judges are absolutely immune from suits for damages based on their judicial conduct except when acting "in the clear absence of all jurisdiction.").

Second, at all times relevant to this action, Defendant Karl Sloan was employed as the Okanogan County Prosecuting Attorney and Defendant Clayton Hill was employed as an Okanogan County Deputy Prosecuting Attorney. Plaintiff's claims against these Defendants rest on acts that were performed in the course of their official duties as prosecuting attorneys. As such, they are entitled to

prosecutorial immunity. *See Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1126 (9th Cir. 2011).

Third, there is nothing in the record that indicates that Defendant Yarnell violated Plaintiff's constitutional rights. Plaintiff appears to argue that Yarnell should have given him *Miranda* warnings when he came out to his property to investigate Bowlin's complaint, but Plaintiff was never arrested so he was not entitled to any *Miranda* warnings. Also, a prosecutor's independent judgment may break the chain of causation between the unconstitutional actions of other officials and the harm suffered by a constitutional tort plaintiff, thereby serving as a superseding or intervening cause of a constitutional tort plaintiff's injury and precluding suit against the officials who made an arrest or procured a prosecution. *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008). In such a case, a rebuttable presumption exists that may be rebutted if the plaintiff shows that the independence of the prosecutor's judgment has been compromised. *Id.* Plaintiff has not presented any evidence to rebut the presumption that the prosecutor's decision to present the underlying charge serves as a superseding or intervening cause. In addition, probable causes existed to charge Plaintiff with Third Degree Theft.

Finally, in order to show that his conditions of confinement constituted cruel and unusual punishment, Plaintiff must show that he was deprived of the "minimal civilized measure of life's necessities." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). If so, a prison official may be held labile if he acted with "deliberate indifference" to a substantial risk of serous harm. *Id.*

Plaintiff has not presented any evidence for a reasonable jury to conclude that Defendants did anything to deprive Plaintiff of the "minimal civilized measures of life's necessities," nor has he presented any evidence creating a triable issue of fact that Defendant's policies or practices resulted in him being deprived of the "minimal civilized measure of life's necessities."

For these reasons, Defendants' Motion for Summary Judgment is granted.

**2. Defendants' Motion for Sanctions**

Defendants move for sanctions because Plaintiff's claims against Judge Rawson and Prosecutors Sloan and Hill are frivolous and without merit, in light of the fact that Plaintiff had been previously instructed that prosecutors and judges are entitled to absolute immunity. In February, 2012, Plaintiff brought suit against an Okanogan County Deputy Sheriff, two Okanogan County judges, two Okanogan County Deputy Prosecuting Attorneys, and two Okanogan County Building Inspectors. In granting summary judgment, the Court held that the judges and prosecutors were entitled to absolute immunity. *See Gudgel v. Cnty of Okanogan, et al,* CV-12-108-RHW (E.D. Wash. 2012), ECF No. 48. Defendants argue that because Plaintiff is alleging claims against the same class of defendants, i.e. prosecutors and judges, and because he was given notice that this type of lawsuit was frivolous, the Court should assess sanctions to deter this type of abuse of judicial process.

Fed. R. Civ. P. 11 sanctions may be imposed when a complaint or motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). The rule applies to pro se plaintiffs, but the Court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable. *Id.* (citation omitted).

Here, there is nothing in the record to support a finding that Plaintiff brought the claims against Judge Rawson, and prosecutors Sloan and Hill in good faith. Rather than respond to Defendants' motion, Plaintiff merely asks the Court to dismiss the motion. In addition, Plaintiff filed a Motion for Sanctions apparently based on counsel's letter that was sent to him to fulfil Defendants' obligations under Fed. R. Civ. P. 11(c)(2).

Even so, while monetary sanctions may be justified in this instance, the Court declines to award sanctions, given that the concept of absolute immunity is

not one that pro se plaintiff may readily grasp. Plaintiff is warned, however, that in the future should he continue to bring lawsuits against persons who are entitled to immunity, the Court will not hesitate to access monetary sanctions for the costs of defending against the lawsuit.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, ECF No. 21, is **GRANTED**.

2. Defendants' Motion for Sanctions, ECF No. 26, is **DENIED.**

3. Plaintiff's Motion to Dismiss Defendants' Motion for Sanctions, ECF No. 29, is **DENIED**.

4. Plaintiff's Motion to Dismiss Defendants' Motion for Summary Judgment, ECF No. 30, is **DENIED**.

5. Plaintiff's Motion for Sanctions, ECF No. 32, is **DENIED**.

6. Plaintiff's Motion for Order to Show Cause, ECF No. 39, is **DENIED**.

7. Defendants' Motion to Strike Statement of Verified Fact in Support of Motion to Show Cause, ECF No. 37, is **DENIED**, as moot.

8. Defendants' Motion to Expedite, ECF No. 38, is **GRANTED**.

9. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide copies to Plaintiff and counsel, and **close the file**.

**DATED** this 6th day of May, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court

Q:\RHW\aCIVIL\2012\Gudgel2\sj.order.wpd